1  GORDON SILVER
   Brian R. Irvine
2  birvine@gordonsilver.com
   100 W. Liberty Street
3  Suite 940
   Reno, NV 89501
4  Telephone: (775) 343-7500
   Facsimile: (775) 786-0131
5
   *Of Counsel:*
6  Andrew G. Hamill (*Pro Hac Vice*)
   ahamill@blackhamill.com
7  Bradford J. Black (*Pro Hac Vice*)
   bblack@ blackhamill.com
8  BLACK & HAMILL LLP
   4 Embarcadero Center, Suite 1400
9  San Francisco, CA 94111
   Telephone: (415) 813-6210
10 Facsimile: (415) 813-6222

11 *Attorneys for Plaintiff,*
   *Acorne Enterprises, LLC*
12

13                    **UNITED STATES DISTRICT COURT**

14                        **FOR THE DISTRICT OF NEVADA**

15 | ACORNE ENTERPRISES, LLC,

16 |         Plaintiff,

17 | vs.
                                           | Case No. 3:12-cv-00602-RCJ-WGC
18 | EURO-PRO OPERATING LLC;
   | AMAZON.COM, INC.; WAL-MART             | **ORDER**
19 | STORES, INC.; TARGET CORPORATION;
   | BED BATH & BEYOND INC.; SEARS,         | **JOINT MOTION TO STAY PENDING**
20 | ROEBUCK AND CO.; KMART                 | **THE UNITED STATES PATENT AND**
   | CORPORATION; MACY'S RETAIL             | **TRADEMARK OFFICE'S PATENT**
21 | HOLDINGS, INC.; KOHL'S DEPARTMENT      | **TRIAL AND APPEAL BOARD'S**
   | STORES, INC.; BJ'S WHOLESALE CLUB,     | **CONCLUSION OF *INTER PARTES***
22 | INC.                                   | **REVIEW PROCEEDINGS FOR THE**
   |                                        | **PATENTS-IN-SUIT**
23 |         Defendants.

53090343.1                           -1-

Plaintiff Acorne Enterprises, LLC ("Plaintiff") and Defendants Euro-Pro Operating LLC, Target Corporation, Bed Bath & Beyond Inc., Sears, Roebuck and Co., Kmart Corporation, Macy's Retail Holdings, Inc., BJ's Wholesale Club, Inc., Kohl's Department Stores, Inc., Amazon.com, Inc., and Wal-Mart Stores, Inc. (collectively "Defendants") jointly move the Court to stay this case until the conclusion of the United States Patent and Trademark Office's Patent Trial and Appeal Board's ("PTAB") *inter partes* reviews of the two patents at issue in this case: U.S. Patent No. 6,515,262 ("the '262 Patent") and U.S. Patent No. 6,624,392 ("the '392 Patent").

**I.  FACTS**

On November 13, 2012, Plaintiff sued Defendants alleging infringement of the '262 Patent and the '392 Patent. The parties have since engaged in limited discovery: initial disclosures were exchanged, and Plaintiff served one set of interrogatories and one set of requests for production on Defendants. Further, the exchange of infringement contentions, non-infringement contentions, invalidity contentions, and the corresponding responses was recently completed on October 7, 2013. As of this date, Plaintiff alleges infringement of claims 1, 13, and 14 of the '262 Patent and claims 1 and 12 of the '392 Patent.

On November 20, 2013, Defendant Euro-Pro Operating LLC ("Euro-Pro") filed a petition for *inter partes* review with PTAB challenging claims 1, 13, and 14 of the '262 Patent (the "'262 Patent IPR Petition"). The '262 Patent IPR Petition was assigned proceeding number IPR2014-00182; a copy is attached as Exhibit A. In the '262 Patent IPR Petition, Euro-Pro asserts that claims 1, 13, and 14 of the '262 Patent should be canceled because they are invalid as obvious under 35 U.S.C. § 103(a) based on the identified prior art. Plaintiff disputes this and asserts that claims 1, 13, and 14 of the '262 Patent are valid and should be confirmed.

On November 21, 2013, Euro-Pro filed a petition for *inter partes* review with the PTAB challenging claims 1 and 12 of the '392 Patent (the "'392 Patent IPR Petition"). The '392 Patent IPR Petition was assigned proceeding number IPR2014-00186; a copy is attached as Exhibit B. In

the '392 Patent IPR Petition, Euro-Pro asserts that claims 1 and 12 of the '392 Patent should be canceled because they are invalid as obvious under 35 U.S.C. § 103(a) based on the identified prior art.  Plaintiff disputes this and asserts that claims 1 and 12 of the '392 Patent are valid and should be confirmed.

## II. LEGAL STANDARD

The Leahy-Smith America Invents Act ("AIA") implemented the *inter partes* post-grant review proceeding as an additional means of challenging the validity of a patent.  When considering whether to stay a case based on an *inter partes* review proceeding, district courts have analogized to requests for a stay based on *ex parte* and *inter partes* reexamination proceedings. *See, e.g., Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, Civil No. 12-2730 ADM/AJB (D. Minn. Aug. 20, 2013).

Local Rule 16.1-20 governs stays of patent infringement suits pending reexamination proceedings.  It states:

> The Court may order a stay of litigation pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office that concerns a patent at issue in the federal court litigation.  Whether the Court stays litigation upon the request of a party will depend on the circumstances of each particular case, including without limitation:  (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and the trial of the case, (3) whether discovery is complete, and (4) whether a trial date has been set.

## III. ANALYSIS

The parties agree that the Court should stay the case until the conclusion of the *inter partes* review proceedings for the '262 Patent and the '392 Patent.  First, Plaintiff agrees that a stay will not unduly prejudice or present a clear tactical disadvantage to it.  Second, a stay will simplify the issues in this case because the PTAB will determine the validity of every asserted claim of the '262 Patent and the '392 Patent – the only patents at issue – under 35 U.S.C. § 103 ("Section 103").  If the challenged claims of both patents are invalidated as a result of the *inter partes*

review proceedings, such invalidation would resolve all claims between the parties that are the subject of this lawsuit (subject to all of Plaintiff's rights to appeal).  If the validity under Section 103 of the challenged claims is confirmed, such confirmation will significantly reduce the issues in dispute in this lawsuit as Defendants will not be able to pursue invalidity on any ground raised in the *inter partes* review proceedings or that could have been raised in the *inter partes* review proceedings.  35 U.S.C. § 315(e).

Third, the case is still at a relatively early stage:  discovery (the cutoff for which is 120 days after the entry of a claim construction order) is still ongoing, but Defendants have refrained from taking any substantive discovery and Plaintiff has refrained from taking discovery beyond its first sets of interrogatories and requests for production.  Furthermore, while the parties have submitted a Joint Claim Construction and Prehearing Statement Pursuant to LR 16.1-15 (*see* Dkts. 123 and 124), the parties have not yet begun claim construction briefing (Plaintiff's opening brief is otherwise due November 27, 2013 and Defendants' responsive brief is otherwise due December 11, 2013).

Finally, a trial date has not been set.  Therefore, the parties jointly request a stay.

## IV. CONCLUSION

In view of the analysis above of the four-factor test set forth under LR 16.1-20, the parties jointly request that the Court stay this case pending the PTAB's conclusion of the *inter partes* review proceedings for the '262 Patent and the '392 Patent.

IT IS SO ORDERED this 4th day of December, 2013.

_____
ROBERT C. JONES